USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/11/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN TORRES,                                    :
                                                  :    REPORT AND
                        Plaintiff,                :    RECOMMENDATION
                                                  :
         -v.-                                     :    10 Civ. 6951 (PAC) (JLC)
                                                  :
CAPT. LOGAN, Shield #918, et al.,                 :    (Non-ECF Case)
                                                  :
                        Defendants.               :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul A. Crotty, United States District Judge:**

Incarcerated pro se plaintiff Steven Torres ("Torres" or "Plaintiff") brings claims under

42 U.S.C. §1983 against defendants Captain Logan and Officer DiPierri ("Defendants") alleging

violations of his Fourteenth Amendment due process rights.  Defendants move to dismiss the

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons

discussed below, I recommend that the motion to dismiss be granted without prejudice, with

leave for Plaintiff to amend his complaint.

## I.  BACKGROUND

Torres is an inmate at Rikers Island.  On January 8, 2010, Officer DiPierri, a correctional

guard at Rikers, charged Torres with possession of a weapon after prison officers discovered a

weapon inside the radiator of Torres' cell.  Complaint, dated July 15, 2010 ("the Complaint" or

"Compl.") ¶ II.D (Dkt. No. 2).   As a result of the charge, Torres attended a hearing on January

12, 2010, where he was found guilty and sentenced to 90 days of confinement in the Central

Punitive Segregation Unit ("CPSU").  Id.; Memorandum of Law in Support of Defendants'

USDC SDNY
DATE SCANNED  5/11/11

Motion to Dismiss, dated December 17, 2010 ("Defs.' Mem.") at 2 (Dkt. No. 10).  Torres alleges that had Officer DiPierri "done his job," he would have learned that the weapon did not belong to him because he had occupied the cell for only four days prior to the weapon's discovery.  Compl. ¶ II.D.  He further alleges that at the hearing another officer, Officer Logan, stated on the record that she would "do a little foot work" for Torres but did nothing, "showing . . . negligence, unprofessionalism, prejudice and disregard[] for [Plaintiff's] rights."  Id.

Torres sought relief in a state court proceeding brought under Article 78 of the New York Civil Practice Laws and Rules and prevailed; he was transferred out of punitive segregation after serving approximately two-thirds of his 90 day sentence.  Id. ¶ IV.F.  He claims that he suffers from and seeks mental health treatment for depression resulting from his segregation.  Id. ¶ III.

Torres filed this action under 42 U.S.C. §1983 on September 14, 2010, seeking monetary damages from defendants Captain Logan and Officer DiPierri for, among other things, "failing to do an investigation which would have shown that [he] . . . was never guilty of those charges that [he] was convicted for."  Compl. ¶ V.  On December 17, 2010, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On January 31, 2011, I ordered Torres to respond to Defendants' motion by February 14, 2011, and warned that if he failed to respond, the motion would be considered unopposed, and the case may be dismissed.  Order, dated January 31, 2011 (Dkt. No. 11).[1]  Torres has not responded to Defendants' motion.

---

[1] I had previously directed Torres to respond to Defendants' motion on or before January 18, 2011.  (Dkt. No. 7).

## II.  DISCUSSION

### A.  Legal Standard

A plaintiff's failure to oppose a 12(b)(6) motion does not alone merit dismissal of a complaint.  See McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000); Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).  "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.  If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."  McCall, 232 F.3d at 322-23; Goldberg v. Danaher, 599 F.3d 181, 184 (2d Cir. 2010).  Consequently, as with all 12(b)(6) motions, in deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency" according to the principles below.  McCall, 232 F.3d at 322.

A complaint will not survive a 12(b)(6) motion to dismiss if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Although "a complaint attacked by a 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007)  (internal quotation marks and citations omitted).  "To survive a motion to dismiss, the complaint must set out only enough facts to state a claim to relief that is plausible on its face."  Hollander v. Copacabana, 624 F.3d 30, 32 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950.  A complaint

- 3 -

thus may only survive a 12(b)(6) motion to dismiss if it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## B. Torres' Claims

### 1. Torres' Due Process Claim, As Pled, Is Not Viable

Torres essentially complains that Defendants deprived him of a liberty interest protected by the Fourteenth Amendment of the Constitution without due process of law. Compl. ¶ V. The core of his claim, construed liberally, is that (1) Officer DiPierri falsely accused him of possessing a weapon in his cell, and that (2) Captain Logan failed to further investigate this charge, leading to his confinement in CPSU for two-thirds of his 90 day sentence. Id. ¶ II.D. [2]

Defendants move to dismiss the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) Torres has failed to allege that he possessed a liberty interest because he was only confined in punitive segregation for two months; (2) Torres received sufficient process because he had an opportunity to defend himself at a disciplinary hearing as well as to avail himself of an Article 78 proceeding; (3) Defendants are entitled to qualified immunity; and (4) Torres' claims for compensatory damages are barred by the Prison Litigation Reform Act because he has not alleged that he suffered any physical harm. Defs.' Mem. at 7-13.

---

[2] Courts are obligated to construe a pro se claim liberally. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted). Therefore, pro se complaints should be read to "raise the strongest argument that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). However, a court should not hesitate to dismiss a pro se plaintiff's claim if it fails altogether to satisfy a pleading requirement. Barmapov v. Barry, No. 09 Civ. 03390 (RRM) (RML), 2011 WL 32371, at *2 (E.D.N.Y. Jan. 5, 2011) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

Section 1983 guards against the deprivation of an individual's constitutional rights by someone acting under the color of state law. See AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579 (LAP), 2011 WL 197216, at *2 (S.D.N.Y. Jan. 19, 2011). Under the statute, "'anyone acting under color of any [state] statute, ordinance, regulation, custom, or usage,' who causes a United States citizen to be deprived 'of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'" Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (quoting 42 U.S.C. §1983). "The Supreme Court has explained that '[t]he purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.'" Id. (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)). A plaintiff seeking relief under §1983 must allege that (1) the challenged conduct was attributable to a person acting under color of state law, and that (2) the conduct deprived the plaintiff of a right guaranteed under the U.S. Constitution. Terry v. Gary, No. 08 Civ. 8127 (GAY), 2010 WL 4273302, at *3 (S.D.N.Y. Oct. 27, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

When an inmate complains of prison discipline, including punitive segregation resulting from false disciplinary charges, these complaints implicate the prisoner's right to due process under the Fourteenth Amendment. See, e.g, Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sandin v. Conner, 515 U.S. 472, 483-84 (1995). A prisoner asserting such a due process claim "'must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process.'" Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004) (quoting Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001)). As a threshold matter, a "[p]laintiff has no right to

due process [at his hearing] unless a liberty interest has been infringed." Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) (citing Scott v. Albury, 156 F.3d 283, 287 (2d Cir. 1999)). In other words, "the Supreme Court [has] ruled that the Constitution [does] not require that restrictive confinement within a prison be preceded by procedural due process protections unless the confinement subjected the prisoner to 'atypical and significant hardship on the inmate in relation to ordinary incidents of prison life.'" Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000) (quoting Sandin, 515 U.S. at 484).

When determining whether prison discipline conditions arise to the level of atypical and significant hardship, a district court should consider a number of factors, "includ[ing] 'the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions' and 'the duration of the disciplinary segregation imposed compared to discretionary confinement.'" Davis, 576 F.3d at 133 (quoting Palmer, 364 F.3d at 64). The Second Circuit has expressly declined to provide a bright-line rule as to what length of time in confinement implicates a prisoner's constitutional rights; however, general guidelines have been defined. See Palmer, 364 F.3d at 64. Confinement for 101 days or fewer under typical punitive segregation conditions "generally do not constitute 'atypical' conditions of confinement." Bunting v. Nagy, 452 F. Supp. 2d 447, 456 (S.D.N.Y. 2006) (quoting Sealey v. Giltner, 197 F.3d 578, 589 (2d Cir. 1999)); Colon, 215 F.3d at 231. By contrast, 305 days or more of confinement has been deemed "atypical and a significant hardship." Id. (citing Colon, 215 F.3d at 231).

Even if an inmate is segregated for fewer than 101 days, a violation of his liberty interest may be implicated if "the conditions were more severe than the normal [punitive segregation] conditions . . . or a more fully developed record showed that even relatively brief confinements under normal [punitive segregation] conditions were, in fact, atypical." Davis, 576 F.3d at 133

- 6 -

(quoting <u>Palmer</u>, 364 F.3d at 65); <u>see also</u> <u>Ortiz</u>, 360 F.3d at 654.  Indeed, "'the conditions of confinement are a distinct and equally important consideration' in determining whether the prisoner has suffered a due process violation." <u>Sales v. Barizone</u>, No. 03 Civ. 6691 (RJH), 2004 WL 2781752, at *6 (S.D.N.Y. Dec. 2, 2004) (quoting <u>Palmer</u>, 364 F.3d at 64-65).  Conditions typical of segregated confinement include "solitary confinement for 23 hours a day, one hour of exercise in the prison yard per day, and two showers per week." <u>Ortiz</u>, 360 F.3d at 655 (citing <u>Palmer</u>, 364 F.3d at 65 n.3).

Here, Torres claims that he was confined for "a little over [two-thirds] of the 90 days sentence." Compl. ¶ II.D.  Yet Torres fails to allege any facts regarding the conditions of his confinement, including whether they were abnormal or unusual.  Without such assertions, allegations regarding confinement for such a period of time alone do not describe an atypical or significant hardship implicating a liberty interest.  Torres' complaint should therefore be dismissed.  <u>See</u> <u>Sales</u>, 2004 WL 2781752, at *7 (dismissing due process claim under Rule 12(b)(6) because allegation of two-month confinement alone did not implicate liberty interest); <u>see also</u> <u>Sealey</u>, 197 F.3d at 589 (affirming dismissal on summary judgment of due process claim because punitive confinement for 101 days in normal conditions did not amount to "atypical and significant hardship"); <u>Smith v. Taylor</u>, 149 Fed. App'x 12, 13 (2d Cir. 2005) (summary order) (affirming summary judgment dismissal of 45 day confinement claim on <u>Sealey</u> grounds); <u>Vaughan v. Erno</u>, 8 Fed App'x 145, 146 (2d Cir. 2001) (summary order) (same—for 30 day confinement claim).

However, because of the "limited legal knowledge and resources available" to <u>pro se</u> plaintiffs, courts are urged to afford <u>pro se</u> plaintiffs permission to amend their complaints. <u>Sales</u>, 2004 WL 2781752, at *7; <u>see also</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)

("'A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (internal citations omitted).   Accordingly, I recommend that the Court dismiss Torres' complaint with leave to amend to the extent that there are facts indicating he was subjected to abnormal or unusual segregation conditions.   See e.g., Sales, 2004 WL 2781752, at *7 (dismissing with leave to amend complaint describing two-month confinement in SHU for additional facts indicating that the conditions were abnormal or unusual).

### 2.  Torres' Claims For Compensatory Damages Are Barred Because He Has Not Alleged Physical Injury

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides that "'[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'"   Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (quoting 42 U.S.C. §1997e(e)).   The term "physical injury" is not statutorily defined; however, the injury complained of must be more than de minimis to meet the requirements of §1997e(e).   Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999).   Therefore, in the absence of a showing of physical injury, a prisoner cannot recover compensatory damages for mental or emotional injury. Thompson, 284 F.3d at 417.   In order to recover punitive or nominal damages, however, a prisoner need not allege that he has sustained a physical injury.   Id. at 418; accord Abreau v. Nicholls, No. 04 Civ. 7778 (DAB) (GWG), 2011 WL 1044373, at *4 (S.D.N.Y. Mar. 22, 2011); Walker v. Shaw, No. 08 Civ. 10043 (CM), 2010 WL 2541711, at *15 (S.D.N.Y. June 23, 2010) (citing Robinson v. Cattaraugus, 147 F.3d 153, 162 (2d Cir. 1998)).

- 8 -

In his complaint, Torres states that he has been seeking mental health treatment for depression that resulted from his confinement.  Compl. ¶ III.  He states that he "would like to be compensated . . . for every[]day that [he] spent in the box (CPSU Housing Unit)."  Id. ¶ V.  The complaint makes no suggestion that Torres suffered any physical injury as a result of his confinement with CPSU.  In the absence of such allegations, Torres' claims against Defendants should be dismissed insofar as he seeks compensatory damages.[3]  See Brummell, 2011 WL 1306170, at *4 (claims seeking compensatory damages dismissed because no allegation of physical injury suffered); Kasiem v. Rivera, No. 09 Civ. 9665 (DLC), 2011 WL 166929, at *10 (S.D.N.Y. Jan. 18, 2011) (request for compensatory damages for emotional injuries stricken from complaint); Bussey v. Phillips, 419 F. Supp. 2d 569, 588 (S.D.N.Y. 2006) (claims seeking compensatory damages dismissed because plaintiff alleged only mental and emotional injuries).

\*       \*       \*

In light of these conclusions, Defendants' other arguments need not be addressed.

### III.  CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion to dismiss be GRANTED without prejudice, with leave for Plaintiff to amend his Complaint.

### PROCEDURES FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

---

[3] To the extent that Torres seeks punitive damages, his complaint is devoid of allegations of "evil motive or intent" or "callous indifference" on the part of Defendants, allegations essential to an award of punitive damages.  See Brummell v. Stewart, No. 09 Civ. 10326 (PAC) (FM), 2011 WL 1306170, at *5 (S.D.N.Y. Mar. 24, 2011) (citing Ivani Contracting Corp. v. City of N.Y., 103 F.3d 257, 262 (2d Cir. 1997)).

objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010) (citing <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003) and <u>Mario v. P&C Food Mkts., Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Defendants' counsel. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
     May 11, 2011

JAMES L. COTT
United States Magistrate Judge

Copies sent by mail to:

Steven Torres
141-09-14367
R.N.D.C.
11-11 Hazen Street
East Elmhurst, NY 11370

Jeffrey Scott Dantowitz
Office of Corporation Counsel NYC
100 Church Street
New York, NY 10007