UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
STEVEN TORRES,                                   :
                                                 :
            Plaintiff,                           :
                                                 :
                                                 :
    - against -                                  :
                                                 :
CAPT. LOGAN, Shield #918, *et al.*,              :
                                                 :
            Defendants.                          :
--------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 13. 2011

10 Civ. 6951 (PAC)(JLC)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 14, 2010, incarcerated *pro se* Plaintiff Steven Torres ("Plaintiff") brought this action, pursuant to 42 U.S.C. § 1983, against defendants Captain Logan ("Logan") and Officer DiPierri ("DiPierri") (collectively, "Defendants") alleging violations of his Fourteenth Amendment rights.  Plaintiff alleges that he was deprived of a liberty interest when he was falsely accused of possessing a weapon in his cell, and then was held in solitary confinement in the Central Punitive Segregation Unit ("CPSU") for several months as a result. On December 17, 2010, Defendants filed a motion to dismiss under to Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to respond to Defendants' motion, even though the Magistrate Judge warned him that a failure to respond might result in dismissal. On May 11, 2011, Magistrate Judge Cott issued his Report & Recommendation ("R&R"), that the motion to dismiss be granted, without prejudice, with leave for Plaintiff to amend his complaint.  Having reviewed Magistrate Judge Cott's R&R, the Court adopts the Report and Recommendation in its entirety.  Accordingly, the motion to dismiss is GRANTED without prejudice.

## BACKGROUND[1]

Plaintiff is an inmate at Rikers Island. On January 8, 2010, Officer DiPierri, a correctional guard at Rikers, charged Plaintiff with possession of a weapon after officers discovered a weapon inside the radiator of his cell. Plaintiff attended a hearing on January 12, 2010, where he was found guilty and sentenced to 90 days of confinement in the CPSU. Plaintiff alleges that had DiPierri "done his job," he would have learned that the weapon did not belong to him because he had occupied the cell for only four days prior to the date the officers discovered the weapon. Plaintiff further alleges that Logan stated on the record that she would "do a little foot work" for Plaintiff but failed to do anything at all. Plaintiff challenged his sentence in a state Article 78 proceeding and prevailed; accordingly, he was transferred out of CPSU after serving approximately two-thirds of his sentence. He claims that he suffers from depression resulting from his segregation. There is no allegation of physical injury.

On September 14, 2010, Plaintiff filed this action under 42 U.S.C. § 1983, seeking monetary damages from Defendants for, among other things, "failing to do an investigation which would have shown that [he] . . . was never guilty of those charges that [he] was convicted for." On September 27, 2010, the Court referred the matter to Magistrate Judge Cott. On December 17, 2010, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 31, 2011, Magistrate Judge Cott ordered Plaintiff to respond to Defendants' motion by February 14, 2011, and warned that if Plaintiff failed to respond, the motion would be considered unopposed, and that the case could be dismissed. To this date, Plaintiff has not responded to Defendants' motion. On May 11, 2011, Magistrate Judge Cott issued his R&R. Neither party has filed objections

---

[1] Unless otherwise indicated, the facts are taken from the R&R.

**DISCUSSION**

In reviewing an R&R, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted).

Magistrate Judge Cott first noted that a plaintiff's failure to oppose a 12(b)(6) motion does not alone merit dismissal of a complaint. See McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). A complaint, however, may only survive a 12(b)(6) motion to dismiss if it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

"When an inmate complains of prison discipline, including punitive segregation resulting from false disciplinary charges, these complaints implicate the prisoner's right to due process under the Fourteenth Amendment." (R&R 5 (citing, e.g., Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009).) A prisoner asserting such a claim "'must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process.'" Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004). But "the Supreme Court [has] ruled that the Constitution [does] not require that restrictive confinement within a prison be preceded by procedural due process protections unless the confinement subjected the prisoner to 'atypical and significant hardship on the inmate in relation to ordinary incidents of prison life.'" Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Magistrate Judge Cott recommended that the Court dismiss Plaintiff's complaint because his allegations regarding his confinement "do not describe an atypical or significant hardship implicating a liberty interest." (R&R 7.)  Plaintiff claims that he was confined for "a little over [two-thirds] of the 90 days sentence," and failed to allege any facts regarding the conditions of his confinement, including whether they were abnormal or unusual. (R&R 7 (quoting Compl. ¶ 11.D).)  In addition, Magistrate Judge Cott noted that confinement for 101 days or fewer under normal punitive segregation conditions "generally do not constitute 'atypical' conditions of confinement." Bunting v. Nagy, 452 F. Supp. 2d 447, 456 (S.D.N.Y. 2006).  As a result, Magistrate Judge Cott concluded that Plaintiff's complaint should be dismissed.  (R&R 7.)

Because of the "limited legal knowledge and resources available" to *pro se* plaintiffs, courts are urged to afford *pro se* plaintiffs permission to amend their complaints. Sales v. Barizone, 2004 WL 2781752, at *7 (S.D.N.Y. Dec. 2, 2004).  Accordingly, Magistrate Judge Cott recommended that the Court dismiss Plaintiff's complaint with leave to amend to the extent that there are facts indicating he was subjected to abnormal or unusual segregation conditions. (R&R 8.)

Additionally, Magistrate Judge Cott concluded that, in the absence of allegations that Plaintiff suffered any physical injury as a result of his confinement in CPSU, his claims against Defendants should be dismissed insofar as he seeks compensatory damages. (R&R 9.)  Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides that "'[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (quoting 42 U.S.C. §1997e(e)).  Magistrate Judge Cott noted that Plaintiff did not allege that he suffered any physical injury as a

4

result of his confinement with CPSU and thus is ineligible to receive compensatory damages. (R&R 9.)

Accordingly, Magistrate Judge Cott did not commit clear error.

## CONCLUSION

The Court adopts Magistrate Judge Cott's Report and Recommendation in its entirety. Defendant's motion is, therefore, GRANTED, and Plaintiff's case is dismissed without prejudice. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
June 13, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Steven Torres
141-09-14367
R.N.D.C.
11-11 Hazen Street
East Elmhurst, NY 11370

Jeffrey Scott Dantowitz
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

5